## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY MORGAN, | |
| Plaintiff, | Civil Action No. _____ |
| v. | |
| HANGER, INC., VINIT K. ASAR, CHRISTOPHER B. BEGLEY, ASIF AHMAD, JOHN T. FOX, THOMAS C. FREYMAN, STEPHEN E. HARE, MARK M. JONES, CYNTHIA L. LUCCHESE, RICHARD R. PETTINGILL, and KATHRYN M. SULLIVAN, | **COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934** |
| Defendants. | **JURY TRIAL DEMAND** |

Plaintiff Anthony Morgan ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

### NATURE OF THE ACTION

1.      Plaintiff brings this action against Hanger, Inc. ("Hanger" or the "Company") and Hanger's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the Board's attempt to sell the Company to Patient Square Capital, LP through its subsidiaries Hero Parent, Inc. and Hero Merger Sub, Inc. (collectively "Patient Square").

2.      Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading definitive proxy statement (the "Proxy") to be filed with the Securities and Exchange Commission ("SEC") on August 26, 2022. The Proxy recommends that Hanger stockholders vote in favor of a proposed transaction (the "Proposed

1

Transaction") whereby Hanger is acquired by Patient Square. The Proposed Transaction was first disclosed on July 21, 2022, when Hanger and Patient Square announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which Patient Square will acquire all of the outstanding shares of common stock of Hanger for $18.75 per share (the "Merger Consideration"). The deal is valued at approximately $1.25 billion and is expected to close in the fourth quarter of 2022.

3.     The Proxy is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Proxy contains materially incomplete and misleading information concerning the financial projections prepared by Hanger management, the financial analyses conducted by BofA Securities, Inc. ("BofA"), Hanger's financial advisor, potential conflicts of interest faced by Company insiders, as well as the background of the Proposed Transaction.

4.     For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, including filing an amendment to the Proxy with the SEC or otherwise causing an amendment to the Proxy to be disseminated to Hanger's stockholders, unless and until the material information discussed below is included in any such amendment or otherwise disseminated to Hanger's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

## PARTIES

5.     Plaintiff is, and has been at all relevant times, the owner of shares of common stock of Hanger.

6.     Defendant Hanger is a corporation organized and existing under the laws of the

State of Delaware. The Company's principal executive offices are located at 10910 Domain Drive, Suite 300, Austin, Texas 78758. Hanger common stock trades on the New York Stock Exchange under the ticker symbol "HNGR."

7.      Defendant Vinit K. Asar has been President, Chief Executive Officer and a director of the Company since 2012.

8.      Defendant Christopher B. Begley has been a director of the Company since 2013. Defendant Begley serves as Chairman of the Board.

9.      Defendant Asif Ahmad has been a director of the Company since 2014.

10.      Defendant John T. Fox has been a director of the Company since 2017.

11.      Defendant Thomas C. Freyman has been a director of the Company since 2017.

12.      Defendant Stephen E. Hare has been a director of the Company since 2010.

13.      Defendant Mark M. Jones has been a director of the Company since 2020.

14.      Defendant Cynthia L. Lucchese has been a director of the Company since 2015.

15.      Defendant Richard R. Pettingill has been a director of the Company since 2014.

16.      Defendant Kathryn M. Sullivan has been a director of the Company since 2015.

17.      Nonparty Patient Square Capital is a health care investment firm based in Menlo Park, California.

18.      Nonparty Hero Parent Inc. is a Delaware corporation and is a subsidiary of Patient Square Capital.

19.      Nonparty Hero Merger Sub, Inc. is a Delaware corporation and is a wholly owned subsidiary of Hero Parent Inc.

## JURISDICTION AND VENUE

20.      This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange

Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges

violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

21.     Personal jurisdiction exists over each Defendant either because the Defendant

conducts business in or maintains operations in this District or is an individual who is either present

in this District for jurisdictional purposes or has sufficient minimum contacts with this District as

to render the exercise of jurisdiction over Defendant by this Court permissible under traditional

notions of fair play and substantial justice.

22.     Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. §

78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took

place and had an effect in this District.

**FURTHER SUBSTANTIVE ALLEGATIONS**

**A. Background of the Company and the Proposed Transaction**

23.     Headquartered in Austin, Texas, Hanger provides comprehensive, outcomes-based

orthotic and prosthetic (O&P) services through its Patient Care segment, with approximately 875

Hanger Clinic locations nationwide. Through its Products & Services segment, Hanger distributes

branded and private label O&P devices, products and components, and provides rehabilitative

solutions.

24.     On July 21, 2022, the Company entered into the Merger Agreement with Patient

Square.

25.     According to the press release issued on July 21, 2022 announcing the Proposed

Transaction:

4

**Hanger, Inc. Announces Definitive Agreement to be Acquired by
Patient Square Capital for $18.75 Per Share in Cash**

*Total Enterprise Value of Approximately $1.25 Billion*

AUSTIN, Texas--(BUSINESS WIRE)--Hanger, Inc. (NYSE: HNGR), a leading provider of orthotic and prosthetic (O&P) patient care services and solutions, announced today that it has entered into a definitive agreement to be acquired by Patient Square Capital, a dedicated health care investment firm. Under the terms of the agreement, which has been unanimously approved by Hanger's Board of Directors, Hanger stockholders will receive $18.75 in cash per share, representing an approximately 29% premium to the 30 calendar day volume-weighted average price (VWAP) ending July 20, 2022, and a total enterprise value of approximately $1.25 billion. Upon completion of the transaction, Hanger will become a privately held company, and its common stock will no longer be traded on the New York Stock Exchange (NYSE).

Vinit Asar, Hanger's President and Chief Executive Officer (CEO) said, "I'm very pleased to be announcing this agreement today as the transaction will result in immediate and substantial value creation for our stockholders. This transaction represents a culmination of an extensive review by our Board of Directors of strategic alternatives to provide value to our stockholders and to offer financial flexibility for our company to pursue future growth initiatives. Patient Square Capital recognizes the value of our brand and the quality of our world-class team, and is grounded in similar values that guide our actions. They share the same long-term vision for our company, which makes them an excellent partner for the next phase of our journey."

Patient Square Capital is a patient-centered investment firm with a team of seasoned executives that uses deep health care expertise, a broad network of relationships, and a true partnership approach to make investments in companies to grow and thrive, partnering with organizations who they believe have the ability to improve patient lives, strengthen communities, and create a healthier world.

Patient Square Capital Managing Partner Jim Momtazee said, "I have closely followed Hanger's impactful work for most of my career and genuinely respect the positive impact they have on their patients and customers. Patient Square values the steps taken by the leadership team to strengthen the company's position and is thrilled to partner with the Hanger management team to support the next phase of their growth."

**Transaction Details**

The transaction will be financed through a combination of committed equity financing provided by Patient Square Equity Partners, LP, as well as committed debt financing to be led by funds managed by Ares Capital Management LLC.

The transaction is expected to close in the fourth quarter of 2022, subject to the receipt of stockholder approval, regulatory approvals, and the satisfaction of other customary closing conditions.

**B. The Materially Incomplete and Misleading Proxy**

26.     On August 26, 2022, Defendants filed the Proxy with the SEC. The purpose of the Proxy is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether to vote in favor of the Proposed Transaction.

### *Materially Incomplete and Misleading Disclosures Concerning the Management-Prepared Financial Forecasts*

27.     The Proxy discloses management-prepared financial projections for the Company which are materially misleading. The Proxy indicates that in connection with the rendering of BofA's fairness opinion, BofA reviewed "certain internal financial and operating information with respect to the business, operations and prospects of Hanger furnished to or discussed with BofA Securities by the management of Hanger, including the Management Forecasts." Accordingly, the Proxy should have, but failed to, provide certain information in the projections that Hanger's management provided to the Board and BofA.

28.     Notably, Defendants failed to disclose the line-item entries forming the basis of the Company's calculation of Adjusted EBITDA and Unlevered Free Cash Flow.

29.     This omitted information is necessary for Plaintiff to make an informed decision on whether to vote in favor of the Proposed Transaction.

***Materially Incomplete and Misleading Disclosures Concerning BofA's Financial Analyses***

30.     With respect to the *Discounted Cash Flow Analysis,* the Proxy fails to disclose: (a) the key data, inputs, and assumptions underlying the range of discount rates applied by BofA; (b) the Company's terminal values; and (c) the terminal year Adjusted EBITDA applied by BofA.

31.     With respect to the *Selected Publicly Traded Companies* and *Selected Precedent Transactions Analyses,* the Proxy fails to disclose the individual financial metrics and multiples for each company and transaction studied by BofA.

***Materially Incomplete and Misleading Disclosures Concerning the Potential Conflicts of Interest***

32.     The Proxy also fails to disclose material information concerning potential conflicts of interest by Company insiders.

33.     Specifically, the Proxy fails to disclose if Patient Square's proposals or indications of interest contained discussions concerning the retention of Company management in the surviving company or their purchase of or participation in the equity of the combined corporation.

***Materially Incomplete and Misleading Disclosures Concerning the Background of the Proposed Transaction***

34.     The Proxy also fails to disclose material information concerning the background of the Proposed Transaction.

35.     Specifically, the Proxy fails to disclose information about confidentiality agreements entered into between the Company and parties to the sales process. The Proxy does not disclose the terms of the standstill provisions, whether the standstill provisions are still in effect or have been waived, and which of the parties cannot make a superior proposal for the Company. The disclosure of the terms of any standstill provisions is crucial to Plaintiff being fully informed

of whether his fiduciaries have put in place restrictive devices to foreclose a topping bid for the Company.

36.     This information is necessary to provide Company stockholders a complete and accurate picture of the sales process and its fairness. Without this information, Plaintiff is not fully informed as to the Defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces irreparable harm, warranting the injunctive relief sought herein.

37.     In addition, the Individual Defendants knew or recklessly disregarded that the Proxy omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

38.     Specifically, the Individual Defendants undoubtedly reviewed the contents of the Proxy before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the Proxy omits the material information referenced above and contains the incomplete and misleading information referenced above.

39.     Further, the Proxy indicates that on July 21, 2022, BofA reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the Merger Consideration was fair, from a financial point of view, to Hanger stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning BofA's financial analyses which has been omitted from the Proxy, and thus knew or should have known that such information has been omitted.

40.     Plaintiff is immediately threatened by the wrongs complained of herein, and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

41.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

42.     Defendants have filed the Proxy with the SEC with the intention of soliciting Hanger stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the Proxy, which fails to provide the material information referenced above.

43.     In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of Hanger, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

44.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

45.     Specifically, and as detailed above, the Proxy violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; (ii) the value

9

of Hanger shares and the financial analyses performed by BofA in support of its fairness opinion; (iii) potential conflicts of interest by Company insiders; and (iv) the background of the Proposed Transaction.

46.     Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the Proxy is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the Proxy states that BofA reviewed and discussed its financial analyses with the Board during various meetings including on July 21, 2022, and further states that the Board considered BofA's financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the Proxy, rendering the sections of the Proxy identified above to be materially incomplete and misleading.

47.     The misrepresentations and omissions in the Proxy are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

48.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

49.     The Individual Defendants acted as controlling persons of Hanger within the

meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Hanger and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

50. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to the time the Proxy was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

51. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

52. In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

53.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

54.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing an amendment to the Proxy with the SEC or otherwise disseminating an amendment to the Proxy to Hanger stockholders unless and until Defendants agree to include the material information identified above in any such amendment;

B.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy;

C.     In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D.     Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E.      Awarding Plaintiff the costs and disbursements of this action, including reasonable

attorneys' and expert fees and expenses; and

F.      Granting such other and further equitable relief as this Court may deem just and

proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: September 9, 2022                   **ROWLEY LAW PLLC**


                                           *S/ Shane T. Rowley*
                                           Shane T. Rowley (SR-0740)
                                           Danielle Rowland Lindahl
                                           50 Main Street, Suite 1000
                                           White Plains, NY 10606
                                           Tel: (914) 400-1920
                                           Fax: (914) 301-3514
                                           Email: srowley@rowleylawpllc.com
                                           Email: drl@rowleylawpllc.com

                                           *Attorneys for Plaintiff*